# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. _____

(To be supplied by the court)

_Manuel Alfred Vega_____, Plaintiff

v.

_Sheriff Jeff Schrader / Scott Happ, Commander_

_Rob Reardon, Monica Alber / Gary Gittins, Commander_

_Wellpath / CCS, Latoya Sayers / AraMark Food Services_

_____, Defendant(s).

(List each named defendant on a separate line. If you cannot fit the names of all defendants in
the space provided, please write "see attached" in the space above and attach an additional
sheet of paper with the full list of names. The names listed in the above caption must be
identical to those contained in Section B. Do not include addresses here.)

---

## PRISONER COMPLAINT

---

| NOTICE |
|---|
| Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. <br><br> **Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.** |

## A.   PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address.  Failure to keep a current address on file with the court may result in dismissal of your case.*

Manuel Alfred Vega  901043300  P.O. 116700  Golden, CO 80402

(Name, prisoner identification number, and complete mailing address)

(Other names by which you have been known)

*Indicate whether you are a prisoner or other confined person as follows: (check one)*

**✓**   Pretrial detainee
____   Civilly committed detainee
____   Immigration detainee
____   Convicted and sentenced state prisoner
____   Convicted and sentenced federal prisoner
____   Other: *(Please explain)* _____

## B.   DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint: If more space is needed, use extra paper to provide the information requested.  The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1:   Sheriff Jeff Schrader  200 Jefferson County Pkwy, Golden CO 80419
(Name, job title, and complete mailing address)

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  **✓** Yes ___ No *(check one)*.  Briefly explain:

Acting Sheriff of The Jefferson County Detention Center Facility

Defendant 1 is being sued in his/her **✓** individual and/or **✓** official capacity.

2

Chief           Commander   Commander

Defendant 2: Rob Reardon, Gary Bitting, Scott Happ
(Name, job title, and complete mailing address)

200 Jefferson County PKwy Golden, CO 80402

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? ✓ Yes ___ No (check one). Briefly explain:

Rob Reardon is Acting Chief JCDC, Happ and Bitting are Commanders at the Facility

Defendant 2 is being sued in his/her ✓ individual and/or ✓ official capacity.

Defendant 3: Monica Alber Dir of Nurses / Wellpath / CCS
(Name, job title, and complete mailing address)

200 Jefferson County PKwy Golden, CO 80402

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? ✓ Yes ___ No (check one). Briefly explain:

Monica Alber is Dir of Nurses for Wellpath and CCS

Defendant 3 is being sued in his/her ✓ individual and/or ✓ official capacity.

✳ Defendant 4 please see attached.

## C.   JURISDICTION

*Indicate the federal legal basis for your claim(s): (check all that apply)*

✓   42 U.S.C. § 1983 (state, county, and municipal defendants)

___   *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (federal defendants)

___   Other: *(please identify)* _____

**D.    STATEMENT OF CLAIM(S)**

*State clearly and concisely every claim that you are asserting in this action.  For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim; and the specific facts that show how each person was involved in each claim.  You do not need to cite specific legal cases to support your claim(s).  If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s).  Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE: ___✻ Please See Attached_____

Supporting facts:

4

### E. PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated? ___ Yes ✓ No (*check one*).

*If your answer is "Yes," complete this section of the form. If you have filed more than one previous lawsuit, use additional paper to provide the requested information for each previous lawsuit. Please indicate that additional paper is attached and label the additional pages regarding previous lawsuits as "E. PREVIOUS LAWSUITS."*

Name(s) of defendant(s): _____

Docket number and court: _____

Claims raised: _____

Disposition: (is the case still pending?
has it been dismissed?; was relief granted?) _____

Reasons for dismissal, if dismissed: _____

Result on appeal, if appealed: _____

### F. ADMINISTRATIVE REMEDIES

*WARNING: Prisoners must exhaust administrative remedies before filing an action in federal court regarding prison conditions. See 42 U.S.C. § 1997e(a). Your case may be dismissed or judgment entered against you if you have not exhausted administrative remedies.*

Is there a formal grievance procedure at the institution in which you are confined?

   ✓ Yes ___ No (*check one*)

Did you exhaust administrative remedies?

   ✓ Yes ___ No (*check one*)

## G.   REQUEST FOR RELIEF

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "G. REQUEST FOR RELIEF."*

Due to the Physical trauma Mental Anguish and Emotional Abuse Suffered by Plaintiff. Due to the Deliberate Indifference of The Defendant's I am requesting a Monitary Ammount of 16.2 Million dollars this Ammount is a direct refelection of Continued and future Health issues as a direct result as The Defendant's failure to protect the Plaintiff's Health and Safety and uphold his 8th and 14th Ammendment Rights

## H.   PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_____
(Plaintiff's signature)

_____
(Date)

(Form Revised December 2017)

6

Statements of Claims

Claim ONE: Inadequate Medical Care - Deliberate
Indifference - Breech of duty to protect - Failure to Act

1) On May 6th, 2020, The plaintiff tested Positive for
Covid-19 (Corona Virus) After becoming gravely ill, and presenting
With Covid-19 Symptoms.

2) On March 28, 2020 The plaintiff who is a 39 year old
Hispanic Male who Suffers from the following Conditions including
Severe Chronic Pain, Severe Major depressive disorder, Opioid addiction
nicotine dependence, Severe Post traumatic Stress Disorder,
and Hep. C. (The Plaintiff Falls in the Class of people
Identified as Extremely Vulnerable to the Covid-19 Virus its
deleterious effects - Hispanic-American, Pre Conditions)
Arrived at The Jefferson County Detention Facility in Golden
Colorado, Prior to the Corona Virus becoming a global
Pandemic, and he has Remained therein to date.

3) Defendant, Director of Nurses Monica Alber Exercised
deliberate indifference to the plaintiff's health and Safety
by Failing to take Reasonable Actions and Measures
to protect him from Contracting and unduly Suffering with
the Covid-19 Virus Even though She Knew or Should
have Known through Medical Personnel Under her Supervision
that the plaintiff informed them that he has

Pg. 2

Severe Major depressive disorder, opioid addiction nicotine dependence, Severe Post traumatic Stress Disorder and HepC Which Made Him Extremely vulnerable to COVID-19 and it's resultant Serious Symptoms. Those inactions placed Him in imminent danger if He came into Contact With the Virus — Which he did. Defendant Alber, Should Have Known that the plaintiff Was Someone who Needed to be protected.

4) Defendant Alber had/have Access to the plaintiff's as Well as other Similarly Situated inmates Medical Records, treatments, Etc While at the Jail and did not Personally or direct her Subordinates to Cull Said records, Etc. After being Warned by the CDC, Department of Health, et. al. Of the Serious Effects on individuals like the plaintiff with pre-CON ditions, That the COVID-19 Virus will produce, to determine who the Most vulnerable inmates are/were and take active Measures to protect them from Contracting the Virus. Reasonable Measures Could Have Come in the Form of placing him/Them in a closed Unit, without depriving him/Them of The Same Rights and privileges as other inmates in the general population Commensurate to his/Their Security and Classification levels or by other Means.

5) As a result of the defendant's deliberate indifference, her breach of duty and failure to protect the plaintiff from Contracting COVID-19, And Her failure to direct Her

Pg. 3

Subordinates, The Plaintiff Contracted the COVID-19 Virus became gravelly ill, and Continues to Suffer it's deleterious Effects upon his Current and Future health.

(6) The defendant's Conduct Violated the petitioner's/plaintiff's 14th Ammendment Substantive and due Process Rights against unlawful punishment and Freedom from Cruel treatment, and deliberate indifference. Additionally, The defendant Violated those Rights under the 14th Amendment because She Failed, despite knowing that there was/is an imminent and credible Threat of Harm to the plaintiff, which posed an unreasonable Risk of Serious damage to his Current and Future Health, to protect Him From Contracting the Virus. The defendant did not take Reasonable Measures to guarantee the plaintiff's Safety and Health. These Combinations of inactions under 14th and 8th Amendment Standards Amounts to deliberate indifference, as well as, Cruel and unusual Punishment.

Claim 2:
Deliberate Indifference, Breach of Duty to protect, And Failure to Act:

7) Defendant Schroeder and Reardon Exercised deliberate indifference to plaintiff's health and Safety by failing to protect him From Contracting and unduly Suffering with the COVID-19 Virus. This occured, Even Though they Had been informed via the CDC, World Health Organization, The State's Department of Health, Executive Orders, Press Coverage as well as

Pg. 4

letters, grievances, and Signed and Notarized Petitions by and from Inmates in Their Custody begging for protection from the virus.

8) The basis of The plaintiff's Claims are the Deliberate indifference and failure of the Defendant's - Schrader and Reardon to Adequately Supervise their Subordinates, which stems from their policy and Custom Allowing their Subordinates unfettered discreation and Autonomy to devise, institute, promulgate, Execute and Enforce, or Not Enforce policies without Adequate oversight, questioning, Analyzing or determining the Efficacies and proper Execution and Enforcement Thereof

9) Those breaches of duty led to the failure to direct the Director of Nurses, Defendant's Alber to Either personally or VIA Issuing orders to her Subordinates to Identify Vulnerable inmates, such as the plaintiff, and undertake proactive and Reasonable measures to isolate them, without depriving them of the Same privileges as other inmates in General population, Commensurate to their Security and Classification levels - Not punitive Segregation - in order to protect them from Contracting the Virus.

10) As a result of the defendant's deliberate indifference Breach of duty, and failure to protect and personally Act or direct and Supervise defendant Alber and other Subordinate Staff, the plaintiff, along with Numerous other inmates

Pg. 5.

in their Custody Contracted the COVID-19 Virus, Became gravely ill, and Continues to Suffer debilitating and Frightful Effects upon his Current and Future Health Therefore, the defendant's Conduct violated the plaintiff's Substantive and procedural due process Rights under the 14th Amendment, because they Failed to protect him from the irreparable harm of the COVID-19 Virus, despite Knowing that there was/is an imminent and Credible threat of Harm to the plaintiff. The Defendants did not take adequate or Reasonable actions and Measures to Ensure and guarantee the plaintiff's Current and Future Health. This Combination of Inactions and deliberate indifference, under the 14th Amendment and by 8th Amendment Standards Amounts to Cruel and Unusual punishment, and violates the plaintiff's Civil Rights.

## Claim 3

### Deliberate Indifference - Breach of Duty - Failure to Act

11) Defendants Schruder and Reardon Exercised deliberate Indifference to plaintiff's Health and Safety by Failing to protect him and taking Reasonable Measures to protect him from Contracting the Covid-19 Virus. This Occured Even ~~though~~ though they had been informed of the imminent danger to the Petitioner, by the Center for Disease Controls guidance For Jails, Prisons, Etc, Press Coverage, Executive orders, as well as VIA letters grievances, and Signed and Notorized petition From inmates in their Custody begging for protection from the Virus.

Pg. 6

12) The basis for this Claim is the deliberate indifference and failure of defendants Schrader and Reardon to Adequately Supervise their Subordinates, which Stems from their policy and Custom, Allowing their Subordinates unfettered discreation and autonomy to devise, institute, promulgate, Execute, and Enforce, or not Enforce, policies without Adequate oversight, questioning, Analyzing or determining the Efficacies and Enforcement or lack of Enforcement thereof.

13) These breaches of duty to Adequately Supervise their Subordinates, to Ensure protective protocols were implemented and Enforced without Exception or deviation led to the failure to Adequately Screen Employees for Casid-19, despite Knowing that there was/is an imminent threat and dangerous Risk of injury and/or death, and Future harm to the Plaintiff with Pre Conditions which the defendant's Knew or Should have Known placed the plaintiff in danger of Serious injury and/or death VIA Exposure to and Contraction of the COVID-19 Virus, which He infact Contracted, Resulting in Serious Health issues - Currently and in the Future.

14) The basis of this Claim is that on March 5th, 2020 defendant Captain Gary Gittens issued A Memorandum Entitled "Operational Directive - Booking Intake Procedure for Corona Virus. The Memorandum, Effective March 6, 2020 at paragraph 4, bulletpoint 8 pg 2 of 2 in Mandatory and Emphatic language States thereat, "Meals will be Served on Styrofoam trays and disposed of After use."

15) On March 18, 2020, Defendant Scott Hepp, Commander of detention Services issued A Memorandum Entitled "Pre-Cautions and Guidelines for operations in 7A and 7B (Covid-19 Isolation units) at bullet point Number 5, The Memorandum States "Deputies will feed, Collect Styrofoam trays..." These orders were ignored and abrogated by Defendant Latoya Sayers, Aramark, food Service Director.

16) Defendant Sayers Exercised deliberate indifference, (NV) bordering on Criminal Negligence, when she blatantly disregarded orders to feed quarantined and COVID-19 infected Inmates in disposal Styrofoam trays, instead of the Reusable plastic trays Shared by the Entire General Population of the detention facility. The defendants Conduct is Not only outrageous, but also Shocks the Conscience, because when she was questioned by Inmate Workers under Supervision by her were No longer allowed to use the Styrofoam and wondered why. She told them because it Cost the Aramark Corporation too Much Money to Continue their use.

17) Defendant Sayers Conduct as Mentioned is Outrageous, possibly Criminal, and Shocks the Conscience Nevertheless, her deliberately indifference Actions violated the plaintiff's Substantive and Due process Rights, and is unlawful punishment and Cruel and unusual punishment because her actions Resulted in the Plaintiff's and other inmates to Contract the COVID-19 Virus, which Now poses an additional Risk to the Plaintiff's future Health and Well being.

Pg. 8

given his documented Medical Issues. The defendant Fully Knew that her actions were wrong, unreasonable, and posed a Substantial Risk of Harm to the plaintiff. She also knew that Her actions would lead to the Rampant Spread of the deadly Virus throughout the Entire Facility - infecting both inmates and Staff Her actions violated the plaintiff's 14th Amendment due process and Substantive due process Rights.

18) Defendants Schrader, Reardon and defendants Hopp and Gittens Failed to Act to Ensure that their policies, directives, etc. were followed, thereby protecting the plaintiff from the Harm they knew was imminent and dangerous to the plaintiffs Current and Future health because they failed to adequately direct and Supervise their Subordinates their Conduct Resulted in this Plaintiff Contracting the COVID-19 Virus, in violation of His Civil Rights under the 14th Amendment.

19) These Violations of the plaintiffs Civil Rights under the 14th Amendment are Shocking, Outrageous and Criminally deliberate and In different to the plaintiff's health & Safety.

Claim 4
Deliberate Indifference - Breach of duty - Failure to Act

20) Defendant's Schrader and Reardon Exercised deliberate indifference to plaintiff's health and Safety by Failing to protect him from the Contraction of The COVID-19 Virus and unduly Suffering Even through

they Knew that the Virus presented an Imminent threat to the plaintiff.

21) The basis of this Claim is the deliberate Indifference and failure to Act and Adequately Supervise their Subordinates which Stems from their policy and Custom allowing their Subordinates unfettered discretion and Autonomy to devise institute, promulgate, Execute and Enforce or Not Enforce policies without Adequate Oversight, questioning Analyzing or determining the Efficacies and Enforcement or lack of Enforcement thereof.

22) These Breaches of duty to adequately Supervise their Subordinates, to Ensure protective protocols were implemented and Enforced Without Exception or deviation led to the failure to Adequately Screen Employees for COVID-19 despite Knowing that Their was/is an Imminent, Clear, and dangerous Risk of Injury and future Harm to plaintiff with preconditions which the defendants Knew placed the plaintiff in danger of Contracting the Virus, which he did Resulting in Severe inJury.

23) The Basis for this Claim is that on March 26, 2020 defendant, Commander Gary Bittens issued a Memorandum Entitled "Mandatory Employee Screening For COVID-19. The Memorandum Superceded one That Was Issued on March 25, 2020. IN Sum and Substance, The Memorandum States, "Effective Immediately, all Staff at the Start of their Shift, Vendors, and Professional Visitors Entering any Area of the facility



Will be Screened upon arrival... The Memorandum goes on to state that Staff before Entering will have to Meet with a Supervisor and Answer a Series of questions listed from A-D

24) Question "D" Which is of import here, asks "In the past 14 Days have you had Contact With a person Known to be infected With COVID-19 or Suspected of Having COVID-19 and is [Actually] Actively Showing any Symptoms above? The Memorandum Requires That if answered yes to Question "D" Which as above mentioned Asks whether you had Contact with a person, within the past 14 days Known to be Infected or Showing Symptoms of COVID-19 you Must follow this protocol Numbered (3) in the Memorandum, Which States "The Staff Member is Allowed to Work Normal duties but Must be placed on a Symptom watch For The Next 14 days."

25) This policy, instituted by defendant Gittens, and Allowed by defendant's Schrader and Reardon is outrageous and Shocks the conscience, in that it placed the plaintiff in direct harm of Contracting the COVID-19 Virus The above mentioned policy goes directly against clearly and widely promulgated Centers for disease Control and Nationwide Departments of Health protocols Requiring that if a person Comes into Contact with an Individual(s) with the Virus, Showing Symptoms, or Suspected of Having the Virus, you must quarantine For 14days, at a minimum.

Pg. 11

26) Defendant's Schrader, Reardon, and Gittens allowing Staff into the facility whom came into contact with persons who have or is suspected of having COVID-19, despite knowing that there was/is an Imminent and Credible threat, which posed an unreasonable Risk of Serious danger to the plaintiff's Current and future health is unconscionable, outrageous, and shows deliberate indifference to the plaintiffs well being under the Due process clause of the 14th Amendment, which guarantees that the plaintiff is not deprived of life, liberty, or property without due process of Law. Under the 14th Amendment, the Plaintiff Cannot be punished, denied treatment or placed in danger of Injury or death without due process — Substantive and procedural.

27) The defendant's Conduct is arguably Reckless, and borders on Criminal Negligence in that the defendant's Knew that individuals Could have the COVID-19 Virus, but are asymptomatic, and Nevertheless Spread the Virus. It is a fact that the Jefferson County detention facility Reported that Numerous Staff Members tested positive for the COVID-19 Virus Therefore Making them potential Carriers thereof, whom infected the plaintiff and dozens of other Inmates.

28) The defendant's Conduct, Allowing Staff to Enter the facility and Work despite having admitted Coming into Contact With Persons Suspected, or whom actually had/have the Virus Constitutes an Act of gross gross deliberate indifference, and Shocks the Conscience given the fact that the World was and Continues to be Made Aware of the dangers of the COVID-19 Virus and it's ability

Pg. 12

to Spread and Infect people at an unprecedented and Accelerated Rate. Through Executive orders, and Especially VIA worldwide protocols being announced VIA Every Media platform Since the Start of the Pandemic, to date, the defendant's Knew that if an individual(s) Came into Contact with a person(s) who has the virus or Suspected therefore, the defendant's actions are inexcusable, clearly unreasonable, deliberately indifferent, unconscionable outrageous and is shocking to the Conscience. Their Actions Violated the Plaintiffs 14th Amendment due Process Rights, which guarantees that he is protected from denial of His life, liberty, property, health, Safety, etc by the defendants. Their Actions also, under 8th Amendment Standards are Cruel and Unusual punishment and treatment.

## Claim 5
### Deliberate Indifference

29) Defendant Scott Happ Exercised deliberate indifference to the Plaintiff's Safety and Health, Resulting in His Contraction of the COVID-19 Virus, and His Continued Suffering and pain. The Basis of This Claim is that on April 10, 2020 Defendant Happ issued a Memorandum Entitled "New Inmate 14 Day Quarantine in Classification Modules Guidance" to Staff. The Memorandum States, "Effective immediately inmates housed in the Classification [Unit] Modules (3A, 3D, 4A) will Stay in those modules for 14 days from the date of their arrival." However, Defendant Happ in an act of deliberate indifference, which More than Shocks the Conscience, in direct Contravention of Established C.D.C and World Wide Health agencies protocols and Mandates

Pg. 13

Made an unconscionable, outrageous, unreasonable, dangerous, and deliberately indifferent (MV) Exception to the Mandatory 14 day Quarantine guidelines.

30) On the third paragraph of the Memorandum, defendant Happ states, "The only Exception to this guidance is related to potential inmate workers. If deemed Necessary by director Grant Mason or Supervisor Rick Lehh, inmates in the Classification Modules who are eligible to be an inmate worker and who are [asymptomatic] and have had no Exposure to a Symptomatic person May be moved out of this Module prior to the 14 day Requirement.

31) This Exemption, Like that of the one Stated above, allowing Employees to Continue Working and forego quarantine Requirements if they came into Contact with a person who has the Virus or Suspected thereof, is unconscionable outrageous, shocks the Conscience, unreasonable and Extremely dangerous Shows Defendant's deliberate indifference to the plaintiff's health and Safety. As Mentioned above, it is well Settled that an asymptomatic person May still have the Virus, additionally, no one can Know whether they have been Exposed or not. However they have a moral and legal obligation, in the Case of persons Acting under Color of State or Federal law to guarantee if there is an question as to whether Contact with a person with the virus is Suspected.

32) Nevertheless, to Make an Exception to the Established global rules which were put into place to protect the Spread of the Virus is unconscionable. The Defendant Acted with deliberate indifference

by making an unreasonable and Inherently dangerous Exemption to government mandates regarding the prevention of the spread of the virus, in order for the Jail to obtain and Benefit from free labor VIA Inmate Workers — unsentenced inmates included — is deliberately indifferent to the plaintiff's Safety and Health. This is a Fact, because the defendant is and was Aware of the danger of the COVID-19 Virus to the plaintiff and other Inmates and staff in the facility. The Defendant's Conduct violated the plaintiff's 14th Amendment Due process Rights guaranteeing that He is Safe and Secure in His health and person. The defendant's Conduct also rises to the level of Cruel and unusual punishment under 8th Amendment Standards.

33) The Exemption from quarantining newly arriving inmates less than the 14 day limit, or Not at all, in order to obtain free inmate labor Clearly shows that the defendants Schrader, Reardon, Alber, Happ et. AL. additionally acted in grossly Negligent culpable and Shocking Manner which Contributed to the Spread of Virus and led to the plaintiff's Contraction of the Virus. Thereby Causing him immeasurable pain and Suffering, which persists to date and Have dire Consequences upon His future Health.

Claim 6

Deliberate Indifference - Breach of Duty - Fail to Act

34) On April 17, 2020 Defendant Happ issued a Memorandum

Entitled " Use of Masks in Modules [where issued]" (Emphasis added). In Sum and Substance, The memorandum states," Effective immediately, any D.S.U (Direct Supervision Unit) Module where all inmates have been issued Masks will follow the below mandatory Wear Requirements: Inmates are required to wear their Masks in the dayroom, Recreation yard, program Room Bathroom and when leaving the Unit". However according to the Memorandum when Eating, (AM) during medication Rounds, performing hygiene, physically Sitting in their beds sleeping, inmates may remove their Masks.

35) In another Memorandum dated 4/30/2020 defendant Happ Modified and Amended his April 17, 2020 Memorandum mentioned above, directing that Masks Must additionally be worn when in the Sleeping area while awake However they May be removed" when Eating and a 6 foot Social distance is being used "

36) The defendant's Exercised deliberate indifference in that he and the other defendant's did nothing to Execute their Social distancing policy, Except to Release Some Selected inmates from Custody. They did nothing Else to Ensure that Social distancing occurred, and that their policy as described above was properly Enacted and put into practice, and were Reasonable and Effective

37) In regards to Social distancing and the Removal of Masks to Eat and Maintaining a 6 foot Social distance from other persons, the defendant's acted With deliberate indifference and failed to Act to promote Social distancing and only gave lip Service to it VIA

Pg. 16

their Memorandum. The plaintiff and other Inmates were, and are, to date required to remove their Masks when Eating in the dayroom areas of their respective housing units, the only areas where eating is allowed. Nevertheless, the plaintiff and other Inmates Must Eat at two types of tables, which Completely obviates any attempt to Maintain 6 feet of Social distancing, and the defendants did nothing to rectify the Matter thereby placing the plaintiff in grave danger.

38) The first type of table where the plaintiff is required to Sit and Eat, along with other Inmates is approximately 8 by 2 feet in length and Width. The Seperation between Each Seat is approximately 1 foot. The Second Type of table is a Round table which Seats 4 people, The Table is approximately 3½ feet in diameter, allowing for no more then 1 foot of Social distancing between Each person, additionally, the tables are all Centrally located in the dayrooms with no more than 4 foot of Social distancing between them. The Seats are Welded to the table, So the plaintiff Could not elect to Sit anyplace Else. Also, even if only one or two people Sit at the tables VIA keeping an open Seat between them Would Still be no more than 4 feet of distance between.

38) The defendant's, therefore, Exercised deliberate indifference to the plaintiffs Safety and Health because they failed to take active preventative Measures to protect him from Contracting the Virus and Suffering there from, This Happened because despite knowing the dangers of the Virus they did not show Much as attempt to Ensure Social distancing by providing

different tables, Staggering meal times, Etc, or by Making More Space available for the plaintiff and other Inmates to Eat their Meals, While Maintaining a Social distance of at least 6 feet. To date, no actions or Reasonable measures has been undertaken by the defendants to Rectify the problem of Social distancing in the facility — infact as of May 31, 2020, the defendants has abandoned Social distancing Entirely, within the housing units of the facility.

40) These Actions and inactions clearly Shows the defendants deliberate indifference to the plaintiff's Safety and Health and is a breach of their duty protect the plaintiff from undue Injury or death in violation of His 14th Amendent Substantive and procedural due process Rights, which also under 8th Amendment Standards Amount to Cruel and unusual punishment.

Claim 7
    Deliberate Indifference - Violation of Equal Protection under the Law

41) On April 23, 2020 Defendant Gary Littens issued a Memorandum Entitled "Use of Masks". The Memorandum States "ON April 17, 2020 Governor Polis issued an Executive order requiring all government Workers to Wear a Face Covering (Mask) at all times when at Work... Effective immediately, all Staff Working any assignment inside the Secure perimeter of the Jail is required to Wear their issued N-95 Mask at all times.

Pg. 18

Cloth or Surgical Masks are not to be worn in the Secure Facility, but ... Cloth Masks Must be a legitimate Mask, No balaclavas, bandanas, Etc."

42) The defendants herein Exercised deliberate indifference to the plaintiff's health and Safety in violation of His 14th Amendment due process Rights prohibiting them from unlawfully punishing him and depriving him of life, liberty, and property without due process of law, which also guarantees that He has an absolute Right to health and Safety while in the defendants Custody.

43) The basis of this Claim is the Fact that defendants Cittens Memorandum Requiring Staff to wear Masks was issued and went into Effect one Full week after governor issued his Excutive order.

44) That inaction by the defendant Constitutes deliberate indifference as well as breach of duty and Failure to act to protect the plaintiff from Contracting the deadly Virus, because they Knew that there was/is an imminent and Credible threat of Serious Injury, harm and possible death of the plaintiff. Their inactions posed an unreasonable Risk of Serious Damage or death to the plaintiff's future and Current health, because they did not follow the Governor's Executive orders requiring all State Employees to wear Mask, one Full week prior, which Means the defendant's Failed to undertake Reasonable Measures to guarantee the plaintiffs health and Safety.

Pg. 19

45) The defendant's inaction on the governor's Executive orders to wear Masks Constitutes a Violation of the plaintiff's due process Rights, because it Contributed to the plaintiff's Contraction of the Corona Virus and amounts to unlawful punishment under 14th amendment Standards, and Cruel and unusual punishment under 8th Amendment Standards.

## Claim 8.
## Deliberate Indifference - Equal Protection Violation

46) Defendant's Schroder, Reardon, Hupp, Gittens, and Alber Exercised deliberate indifference when they issued unbreathable Masks to the plaintiff's Made by Female Inmates, which were Made from old green Jail uniforms which are hard, unbreathable denim. The Mask did not protect the plaintiff from Contracting the COVID-19 Virus, Because they were open at the Sides and did not Seal to the Face. The plaintiff could not breathe through the Make Shift Mask which Were, as mentioned, hard denim. The plaintiff and other inmates were required to wear the Masks For upto two weeks without being able to Wash them because only One was issued. Additionally, the plaintiff was Forced to Share Masks with other inmates, after ostensibly being Washed.

47) The defendant's Conduct was Especially Egregious Shocking and unconscionable because in their Memorandum of April 23, 2020 they Issued Staff N-95 Masks and Emphatically prohibited

Pg. 20

them from wearing cloth or Surgical masks that are not "legitimate" All staff working any assignment inside the Secure perimeter of the Jail is required to Wear their Issued N-95 Mask at all times. [Cloth or Surgical masks are not to be worn in the Secure Facility... Cloth masks must be a legitimate mask ...] (Emphasis added).

48) The defendant's Conduct(s) Constitutes deliberate indifference to the plaintiff's health and Safety because the Same type of ineffective Masks they had prohibited staff from using they gave to the plaintiff Knowing Full well they Would not protect him from the Virus. These Actions offends both the due process clause and the equal protection clause of the 14th Amendment, one because it unlawfully punishes the plaintiff and deprives him of His Substantive and due process Rights guaranteeing his health and Safety while in the defendants Custody, and two it unlawfully and unconstitutionally deprives him of equal protection due to his being an inmate and deemed less valuable as a person because of his Status thereof.

## Claim 9
## Deliberate Indifference - Breach of Duty

49) Between April 15, 2020 and april 24, 2020, to the best of His Knowledge, Mr. Jose A. Montoya (Now deceased) was brought to the Jefferson County detention Facility and despite the April 10, 2020 Memorandum by defendant Scott Happ Mandating that all Newly arriving inmates Housed in the Classification Modules (3A, 3D, or 4A)



Pg. 21

Will stay in those modules for 14 days from the date of their arrival on the 15th day if they are COVID-19 Symptom Free or have not been exposed to a Symptomatic free or have not been Exposed to a Symptomatic person, they will be moved to appropriate classification housing throughout the facility". Mr. Montoya was taken Straight From booking, by-passing the Classification quarentine unit, and placed in unit 5-D He did not go through Defendant's Hepp's 14 day quarentine Requirement before going to general pop.

50) On April 25, 2020 and April 26, 2020 to the best of the plaintiffs Knowledge and recollection, Mr. Montoya was removed from unit 5-D by Emergency Medical Personnel, and Thereafter Expired.

51) On May 5, 2020 at aproximately 7:30pm, the plaintiff and 33 other Inmates in unit 5-D was, Informed that they were Exposed by Inmates who tested positive For COVID-19 by Sheriff Deputy LA Cavelier. Sheriff Deputy LA Cavelier directed us to throw our bedding, Etc. in the laundry receptacles in the unit and pack their belongings because they were being placed in quarentine in units 7A and 7D. The plaintiff and the other inmates were transported to units 7A and 7B and placed on Segregation where they were held in Excess of 30 or more hours in their Cells without Recreation, which was only one hour.



52) On May 6, 2020 the plaintiff was tested for the COVID-19 Virus, after presenting with Symptoms, and on May 8, 2020, he received Confirmation that he was indeed COVID-19 positive.

53) On June 10, 2020, Jefferson County Administrative Sgt. Williams Responded to inmate Jonathan R. White's grievance, Complaining about the fact that Mr. Jose A. Montaya (Now deceased) mentioned above, was brought into the general population, Specifically Module 5-D where he and the plaintiff resided/resides without going through the mandatory 14 day quarantine instituted by defendant Scott Hupp on 4/10/2020. There by Spreading the Corona Virus therein, infecting dozens of Inmates Including the plaintiff. In His response, Sgt Williams admits and Confirms that Mr. Jose A. Montaya Never Went through the quarantine protocol.

54) "... In your grievance you also state that the new inmate 14 day quarantine was Ignored when Inmate Jose A. Montaya was placed into general population, module 5-D without following protocol. You Specifically Cite a memo dated April 10, 2020, titled "New Inmate 14 day quarantine in classification Modules guidance." That Memo does State that inmates housed in Classification Modules (3A, 3D, or 4A) will stay in those Modules for 14 days from the date of their arrival.

Pg.23

⌐Inmate Jose A. Montoya however was never in those Modules.
He was moved directly from the booking Area into Module 5-D.
The decision to move him to Module 5D was Made by
a Counselor who has the authority and discreation to Make
that decision..."⌐

55) Sgt. Williams admittance, goes to the heart of the Plaintiff's
Claim that defendant's Schrader, Reardon, et. Al... are
deliberately/extremely Indifferent to the plaintiff's Safety
and Health, as well as the other Inmates and Staff Health
and Safety due to their policy and Custom allowing
their Subordinates unfettered discreation and autonomy to
devise, institute, promulgate, Execute, Enforce, or In this Case,
not Enforce and abrogate policies, even those designed to protect
the plaintiff from Injury and death as a result of Contracting
the Corona Virus.

56) The Conduct of the alleged, unidentified Counselor, who
Violated the Mandatory 14 day quarantine requirement, Caused
the plaintiff to Contract the deadly Corona Virus. That Conduct
amounts to deliberate Indifference, Because the defendants
Knew that there was/is an Imminent and Credible threat of Injury
and possibly death to the plaintiff, and Ignored the Threat
and placed the plaintiff in danger Nonetheless. Those Actions
Violated the plaintiffs 14th Amendment Rights of due process of law

Pg. 24

both Substantive and procedural which Constitutes unlawful punishment. Those actions, and the Inaction of the defendants Specifically Schrader and Reardon, to adequately Supervise their Subordinates to Ensure their orders were Carried out is a Breach of their duty to protect the plaintiff from Harm because they failed to act to prevent harm.

57) Those Inactions Combined Amounts to deliberate/extreme indifference under the 14th Amendment, and Cruel and unusual punishment under 8th Amendment Standards.

Conclusion

58) The defendants actions and Inactions Represent A pattern of events demonstrating deliberate Indifference, Breach of Duty, failure to act and gross Negligence which is outrageous, shocks the Conscience, and Violates all the abovementioned Plaintiffs Constitutional Rights under the Due process class (mis) Clause of the 14th Amendment.